UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| REGINALD PATTERSON | § | C.A. No. | |
| | § | | |
| VS. | § | SEC. "__" | MAG. (__) |
| | § | | |
| GULF INLAND CONTRACTORS, INC. | § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff Reginald Patterson, complaining of Defendant Gulf Inland Contractors, Inc., and, for cause of action, would respectfully show as follows:

**I. PARTIES**

1.1   Plaintiff Reginald Patterson ("Plaintiff"), is a U.S. citizen and resident of Terrebonne Parish, Louisiana.

1.2   Defendant Gulf Inland Contractors, Inc. ("Defendant" or "GIC"), is a Louisiana limited liability company with its principal place of business in Terrebonne Parish, Louisiana, doing business in this District and the State of Louisiana for the purpose of accumulating monetary profit, and may be served with process through its registered agent Eddie Pullaro, at 1054 West Tunnel Blvd, Houma, Louisiana 70360.

**II. JURISDICTION**

2.1   The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333 because the suit involves admiralty and maritime jurisdiction.  This case is brought pursuant to the Jones Act 46 U.S.C. § 30104.

**III. VENUE**

3.1   Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## IV.  FACTS

4.1     At all material times hereto, Defendant owned, operated and/or crewed the barge ("Vessel") on which Plaintiff was working at the time of the injury made the basis of suit, a vessel operating in navigable waters.

4.2     At all material times hereto, Plaintiff was employed as a member of the crew of the Vessel and maintained Jones Act seaman status.

4.3     On or about January 6, 2022, Plaintiff was working from a barge owned by Defendant GIC, demolishing a platform. Plaintiff was injured when he stepped on a board and fell 3-4 feet.

## V.  JONES ACT

5.1     Plaintiff's injuries were suffered in the course of his employment and were caused by the negligence of Defendant, its officers, agents, and/or employees, in the following non-exclusive particulars, to wit:

a.  failing to maintain a safe place to work;

b.  failing to provide a safe means for Plaintiff to access the platform;

c.  failing to adequately train its crew;

d.  failing to properly supervise the crew; and/or

e.  any negligent act or omission identified through future discovery or investigation of this incident.

## VI.  COUNT 2 - UNSEAWORTHINESS

6.1    Plaintiff's injuries were caused by Defendant's breach of its duty to furnish a seaworthy vessel. The vessel was unseaworthy because her gear and/or appurtenances were in disrepair, her crew unfit, and/or an unsafe method of work was used to perform vessel services.

## VII.  COUNT 3 - MAINTENANCE AND CURE

7.1    Plaintiff would show that on the above mentioned date, he was injured while in the service of the vessel.  As a result, Defendant had, and continues to have, a non-delegable duty to provide Plaintiff with the benefits of maintenance and cure.  Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duties therefore continue.  Defendant breached its absolute duty by denying payment of maintenance and cure.  As a result of Defendant's failure to pay and/or delay in paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure was not only unreasonable, but was arbitrary and capricious, or wilful, callous and persistent, and that, as a result thereof, Plaintiff is entitled to an award of damages for aggravation of his condition caused by Defendant's failure, as well as attorneys' fees, and punitive damages, for which he now sues, in addition to all other relief sought.

## VIII.  COUNT 4 - NEGLIGENCE UNDER GENERAL MARITIME LAW

8.1    If it is determined that Plaintiff did not have seaman status, he alternatively pleads that pursuant to the general maritime law, Defendant GIC was negligent in:

1. failing to warn Plaintiff on "turning over" the vessel of hidden defects of which it should have known;

2. failing to cure or warn Plaintiff of hazards under the "active control" of the ship; and/or

3.  failing to "intervene" in Plaintiff's operations when it had actual knowledge both of the hazard and that Plaintiff, in the exercise of obviously improvident judgment, meant to work on in the face of it and therefore cannot be relied on to remedy it.

## IX.  DAMAGES

9.1  As a direct and proximate result of Defendant's negligence, Plaintiff suffered the following injuries and damages, including, but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled.

## IX.  JURY DEMAND

10.1  Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Defendant for:  actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages for failure to pay maintenance and cure, attorney's fees; costs of suit; and all other relief to which he may be entitled.

Respectfully submitted,

*/s/ Randy J. Ungar*
RANDY J. UNGAR (12387)
randy@ungarlaw.net
3220 N. Arnoult Road, No. 110
Metairie, Louisiana 70002
Telephone:     504.450.3389

ATTORNEY FOR PLAINTIFF